IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DANIAL CRABB**                                                                                                **PLAINTIFF**

v.                                      Case No. 3:13-cv-00280-KGB

**MISSISSIPPI COUNTY,** *et al.*                                                                  **DEFENDANTS**

## ORDER

Plaintiff Danial Crabb, an inmate incarcerated at the Mississippi County Detention Facility, has been granted leave to proceed *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983 (Dkt. No. 5). In his complaint, Mr. Crabb alleges that officers failed to protect him from harm during a beating by two individuals on November 20, 2013 (Dkt. No. 1, at 3).

By Order dated February 18, 2014, this Court provided Mr. Crabb the opportunity to amend his complaint after noting that it failed to support a claim upon which relief may be granted (Dkt. No. 6). Specifically, the Court found that Mr. Crabb did not allege an unconstitutional policy or practice on the part of defendant Mississippi County and that defendant Blytheville Police Department is not a suable entity in an action filed pursuant to § 1983. Further, the Court noted that Mr. Crabb failed to identify defendant Jessica Quick as a state actor or allege any unconstitutional actions by her. Lastly, the Court denied Mr. Crabb's request to add Nathan Howard as a defendant because Mr. Crabb failed to identify Mr. Howard as a state actor or allege any unconstitutional actions by him in a proposed amended complaint. Mr. Crabb has not amended his complaint to remedy these deficiencies, and the time for doing so has passed.

As noted in the February 18, 2014, Order, the Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity,

officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

Based on the Court's prior analysis of the allegations set forth in Mr. Crabb's original complaint, and his failure to remedy such deficiencies by filing an amended complaint, the Court dismisses Mr. Crabb's complaint without prejudice for failure to state a claim upon which relief may be granted.

It is therefore ordered that:

1. Mr. Crabb's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitutes a "strike" within the meaning of the PLRA, 28 U.S.C. § 1915(g), which provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

3. The Court certifies that an *in forma pauperis* appeal from the Order and Judgment dismissing this action would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 24th day of June, 2014.

_____
Kristine G. Baker
United States District Judge